UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER J. STONE, JR., *and* DRAKE VENTURES, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>ADAM B. SCHIFF, *et al.*,<br><br>*Defendants*. | Case No. 1:22-cv-492-CJN |

**DEFENDANT AT&T MOBILITY LLC'S UNOPPOSED MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT**

Pursuant to Local Civil Rule 7 and the Court's Standing Order for Civil Cases, ECF No. 5, Defendant AT&T Mobility LLC ("AT&T"),[1] moves for an extension of time to answer or otherwise respond to Plaintiffs' Complaint.

On February 24, 2022, Plaintiffs Roger Stone, Jr., and Drake Ventures, LLC, filed a Complaint challenging a subpoena issued by the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Committee") to AT&T for certain subscriber information, call detail records, and other connection records (but not content of communications or location data) associated with Plaintiffs' account. ECF No. 1. On May 23, 2022, AT&T waived service of the Complaint and summons based on a representation by Plaintiffs' counsel that the remaining Defendants (collectively, the "House Defendants") were served on May 22, 2022. ECF No. 10. AT&T's response to Plaintiffs' Complaint is currently

---

[1] Plaintiffs' Complaint incorrectly names "AT&T Mobility, Inc.," a non-existent entity, as a defendant in this action.

due on July 22, 2022, *see* Fed. R. Civ. P. 12(a)(1)(A)(ii), which AT&T understands to be the day after the House Defendants' current deadline.

AT&T seeks an extension of time to answer or otherwise respond to Plaintiffs' Complaint until 14 days after the House Defendants answer or otherwise respond. Although AT&T is the recipient of the Committee's subpoena, AT&T is essentially a third party to a dispute between Plaintiffs and the Committee, and it has been named as a party to this lawsuit only because it is the custodian of the requested records and information. Plaintiffs' Complaint challenges the validity of the subpoena and the House Defendants' authority to issue it, and AT&T takes no position on those issues.

AT&T's position in this case is dependent on the position to be asserted by the House Defendants. It is possible that the House Defendants will defend this action on the merits, as it has in several cases challenging recent subpoenas issued by this and other House investigative committees. *See, e.g.*, Defs.' Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 34, *Meggs v. Pelosi*, No. 22-cv-005, (D.D.C. March 2, 2022); Intervenor-Def.'s Cross-Mot. for Summ. J. and Opp'n to Pls.' Mot. for Summ. J., ECF No. 56, *Trump v. Mazars USA LLP*, No. 19-cv-1136-APM, 560 F. Supp. 3d 47 (D.D.C. 2021). In that event, AT&T will have no stake in this case because it has agreed to abide by any final judgment respecting the parties in interest, and it will seek only to join in any relief accorded to either of the parties in interest. However, should the House Defendants assert Speech or Debate Clause immunity, as they have in several cases in this and other districts, *see, e.g., Friess v. Thompson*, No. 1:22-cv-448-CMA-KLM (D. Colo. July 11, 2012); *Budowich v. Pelosi*, No. 21-cv-3366-JEB, 2022 WL 2274359 (D.D.C. June 23, 2022); *RNC v. Pelosi*, No. 22-cv-659-TJK, 2022 WL 1294509 (D.D.C May 1, 2022), AT&T will need to evaluate its rights and defenses to ensure it is not subject to harm or prejudice, including but

not limited to, inconsistent obligations—namely, an order from this Court prohibiting compliance with the subpoena under penalty of contempt of court, and an order from the House Defendants demanding compliance under penalty of contempt of Congress.  *See Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Washington*, 699 F.2d 1274, 1278–79 (D.C. Cir. 1983) (affirming the district court's grant of a defendant's motion to dismiss under Federal Rule of Civil Procedure 19 for failure to join an indispensable third party when the failure to join may, *inter alia*, create inconsistent obligations for the third party).

Because AT&T's position in this matter is dependent on whether the House Defendants invoke Speech or Debate Clause immunity, AT&T submits that there is good cause to sequence its responsive pleading deadline a reasonable time after the House Defendants answer or otherwise respond to the Complaint.  *Cf.* Minute Order, June 23, 2022, *Meadows v. Pelosi*, No. 21-cv-3217-CJN (D.D.C. June 23, 2022) (ordering the congressional defendants to file a supplemental brief explaining their positions on three issues related to Speech or Debate Clause immunity).  AT&T therefore asks that its deadline to answer or otherwise respond to Plaintiffs' Complaint be extended until 14 days after the House Defendants answer or otherwise respond to the Complaint.  Such an extension will permit AT&T to better and more efficiently aid the Court in resolving this case, as AT&T will be better able to outline its position for the Court after the House Defendants have taken a position on the threshold Speech or Debate Clause issue.[2]

Pursuant to Local Civil Rule 7(m), counsel for AT&T conferred with Plaintiffs' counsel, who confirmed that their clients consent to the relief sought in this motion.  In addition, while

---

[2] AT&T seeks a deadline keyed to the House Defendants' response date to avoid burdening the Court with repeat motions for an extension should the House Defendants seek an extension.  If the Court would prefer a date certain for this extension request, AT&T requests a thirteen-day extension through and until August 4, 2022.

3

this motion does not seek relief against the House Defendants, counsel for AT&T conferred with counsel for the House Defendants, who do not oppose AT&T's request.

    AT&T therefore respectfully requests that the Court grant AT&T's unopposed request to extend AT&T's time to answer or otherwise respond to Plaintiffs' Complaint until 14 days after House Defendants have responded, or in the alternative for a thirteen-day extension of time to file any such answer or response.

Dated:  July 15, 2022                  Respectfully submitted,

                                              /s/ *William R. Levi*
                                          William R. Levi (D.C. Bar No. 1007057)
                                          Daniel J. Hay (D.C. Bar No. 1047969)
                                          Marcus S. Bauer (TN Bar No. 037499)
                                          SIDLEY AUSTIN LLP
                                          1501 K Street, N.W.
                                          Washington, D.C. 20005
                                          T:  (202) 736-8000
                                          F:  (202) 736-8711
                                          william.levi@sidley.com
                                          dhay@sidley.com
                                          marcus.bauer@sidley.com
                                          *Counsel for AT&T*