# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER J. STONE, JR., *and* DRAKE VENTURES, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>ADAM B. SCHIFF, *et al.*,<br><br>*Defendants.* | Case No. 1:22-cv-492-CJN |

## DEFENDANT AT&T MOBILITY LLC'S MOTION TO HOLD AT&T MOBILITY LLC'S DEADLINE TO RESPOND IN ABEYANCE OR, IN THE ALTERNATIVE, TO DISMISS AT&T MOBILITY LLC AS A PARTY

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Defendant AT&T Mobility LLC ("AT&T") respectfully moves for an order holding AT&T's deadline to respond to Plaintiffs' Complaint, ECF No. 1, in abeyance or, in the alternative, to dismiss AT&T as a party pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A proposed order is attached.

Dated:  August 5, 2022

Respectfully submitted,

 /s/  *William R. Levi*
William R. Levi (D.C. Bar No. 1007057)
Daniel J. Hay (D.C. Bar No. 1047969)
Marcus S. Bauer (TN Bar No. 037499)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
T:  (202) 736-8000
F:  (202) 736-8711
william.levi@sidley.com
dhay@sidley.com
marcus.bauer@sidley.com
*Counsel for AT&T*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER J. STONE, JR., *and* DRAKE VENTURES, LLC,

        *Plaintiffs*,

  v.

ADAM B. SCHIFF, *et al.*,

        *Defendants.*

Case No. 1:22-cv-492-CJN

**DEFENDANT AT&T MOBILITY LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO HOLD AT&T MOBILITY LLC'S DEADLINE TO RESPOND IN ABEYANCE OR, IN THE ALTERNATIVE, TO DISMISS AT&T MOBILITY LLC AS A PARTY**

      Defendant AT&T Mobility LLC ("AT&T"), by and through its attorneys, respectfully submits this Memorandum of Points and Authorities in support of its motion to hold AT&T's deadline to respond to Plaintiffs' Complaint in abeyance or, in the alternative, to dismiss AT&T as a party pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. AT&T's involvement in this action is limited to its role as custodian of certain records and information that are the subject of a congressional subpoena—and not as a party in interest to the claims identified by Plaintiffs or the defenses raised by the other Defendants (collectively, the "Congressional Defendants"). AT&T therefore respectfully requests that its deadlines in the case be held in abeyance or, in the alternative, that it be dismissed from the case pursuant to Rule 12(b)(6).

      On February 24, 2022, Plaintiffs Roger Stone, Jr., and Drake Ventures, LLC, filed a Complaint challenging a subpoena issued by the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Committee") to AT&T for certain

2

subscriber information, call detail records, and other connection records (but not the content of communications or location data) associated with Plaintiffs' AT&T accounts.  ECF No. 1.  While the subpoena was issued to AT&T, AT&T is essentially a third party to this dispute between Plaintiffs and the Congressional Defendants.

As AT&T has stated previously, *see* ECF No. 14, AT&T takes no position here on the validity of the subpoena, the constitution or authority of the Committee, or the Plaintiffs' constitutional claims.  AT&T has advised the Committee and Plaintiffs that it "will respond to the subpoena in accordance with the subsequent ruling of the court."  *See* ECF No. 1-1.  Now that the Committee has joined issue on the substance of Plaintiffs' claims, ECF No. 18, there is no need for AT&T's further involvement—the parties in interest will litigate whether the subpoena validly compels the production of Plaintiffs' records held by AT&T, and AT&T will produce or not produce records consistent with the Court's decision.  AT&T therefore asks that all deadlines applicable to AT&T, including the deadline to respond to Plaintiffs' Complaint, be held in abeyance until the Court resolves the issues as to the parties in interest, at which point AT&T will abide by the Court's judgment on those issues.[1]

In the alternative, if the Court takes any action with respect to Plaintiffs' claims against AT&T, AT&T should be dismissed as a party to the dispute between the Committee and Plaintiffs under Rule 12(b)(6).

---

[1] AT&T takes no position here on the merits of Plaintiffs' claims against Congressional Defendants or Congressional Defendants' motion to dismiss such claims.  However, to the extent that the Court rules on the validity or invalidity of the subpoena when resolving these claims, those rulings should apply to AT&T as well.  Thus, if the Court upholds the validity of the subpoena, it should dismiss the claims against AT&T on the merits; if the Court finds the subpoena is invalid, AT&T respectfully requests appropriate relief to shield AT&T from being compelled to comply with the subpoena in contravention of the Court's ruling.

*First*, AT&T should be dismissed because it is not a state actor and, however the Court resolves the constitutional claims[2] at issue—on which AT&T takes no position in this case—the constitutional provisions Plaintiffs rely upon apply only against state actors.

It has long been settled that, to sustain a constitutional claim, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 937 (1982); *see also, e.g.*, *Cheeks v. Fort Myer Const. Co.*, 722 F. Supp. 2d 93, 111 (D.D.C. 2010) ("A cognizable constitutional deprivation requires that the deprivation be the result of government action."). To hold private actors responsible for state action, the plaintiff must show "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Here, AT&T is a private party and recipient of a congressional subpoena; it is not acting as the government, nor is it "somehow transform[ed] . . . into a state actor" by receiving and potentially responding to the subpoena. *Budowich v. Pelosi*, Civ. No. 21-3366-JEB, 2022 WL 2274359, at *11 (D.D.C. Jun. 23, 2022). Rather, AT&T is being required under the penalty of law to comply with the Committee's request. *See* 2 U.S.C. § 192. If this were enough to create state action, "then presumably all private parties that comply with a government subpoena would become state actors" and would therefore "be bound by the U.S. and state constitutions."

---

[2] All four of Plaintiffs' causes of action are constitutional claims. Counts III and IV are plainly constitutional claims because they arise under the Fourth and First Amendments, respectively. Counts I and II, which assert claims relating to the authority of the Committee, are also constitutional because they sound in separation of powers. *See, e.g.*, *RNC v. Pelosi*, No. 22-cv-659, 2022 WL 1294509, at *12 (D.D.C. May 1, 2022). Alternatively, to the extent Plaintiffs assert a cause of action arising under the Committee's organic legislation, H. Res. 503, AT&T is not a proper defendant to such claims either.

4

*Budowich*, 2022 WL 2274359, at *11.  This would "force subpoena recipients to choose between facing penalties (perhaps including contempt and criminal prosecution) for non-compliance or being sued for constitutional violations."  *Id.*

Courts have regularly held that telecommunications companies generally—and AT&T specifically—are not state actors in a variety of contexts.  *See, e.g.*, *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 845 (9th Cir. 2017) ("Plaintiffs must, but cannot, show AT&T's conduct is attributable to the state."); *Williams v. AT&T Corp.*, Civ. No. 15-3543, 2016 WL 915361, at *4 (E.D. La. Mar. 9, 2016) ("AT&T is clearly not a state actor."); *Smith v. AT&T Corp.*, Civ. No. 04-954, 2006 WL 2019647, at *8 (D.N.M. Apr. 12, 2006) ("AT&T is not a state actor.").  In addition, another court in this District recently found in a case involving a subpoena issued by the Committee to J.P. Morgan that the financial institution also was *not* a state actor because "the bank did not engage in state action when it responded to the Committee's subpoena."  *Budowich*, 2022 WL 2274359, at *10.  Just as with the bank in *Budowich*, AT&T cannot be a state actor merely because it received a subpoena from Congressional Defendants.

Because AT&T did not engage in state action when it received the Committee's subpoena and will not engage in state action if it complies with the subpoena, Plaintiffs cannot advance their constitutional claims against AT&T.  Accordingly, should the Court decline AT&T's request to hold its deadlines in abeyance, AT&T instead should be dismissed as a party under Rule 12(b)(6).

***Second***, in the event the Court entertains Plaintiffs' prayer for relief regarding the Stored Communications Act,³ that claim should be dismissed as against AT&T.  The Act is clear that a

---

³ *See, e.g.*, *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) (It is "recognized, without exception, that the prayer forms no part of the cause of action."); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir .2002) ("[T]he demand [for judgment] is not

provider of an electronic communication service *may* disclose non-content records of customer communications "to any person other than a governmental entity," 18 U.S.C. § 2702(c)(6), and a "governmental entity" is defined as "a department or agency of the United States or any State or political subdivision thereof," *id.* § 2711(4). Besides that one exception for governmental entities, the Stored Communications Act expressly permits the disclosure of non-content records to any other entity. *Id.* § 2702(c)(6).

The Committee's subpoena seeks only non-content records. *See, e.g.*, Compl. ¶ 4 & Ex. at 3. Further, the Committee is not "a department or agency of the United States or any State or political subdivision thereof." 18 U.S.C. § 2711(4); *see United States v. Rostenkowski*, 59 F.3d 1291, 1301 (D.C. Cir. 2005) ("[A] false statement made to the Congress is not within the ambit of the statute prohibiting false statements to 'any department or agency of the United States.'" (citing *Hubbard v. United States*, 514 U.S. 695, 704 (1995))). In any event, should the Court determine that Congress *is* a "governmental entity" for purposes of the Stored Communications Act, AT&T is expressly required to disclose certain record information to such governmental entity upon receipt of "an administrative subpoena authorized by Federal . . . statute," 18 U.S.C. § 2703(c)(2), and any dispute between Plaintiffs and Congressional Defendants regarding the validity of the subpoena does not implicate AT&T. Accordingly, to the extent Plaintiffs assert a claim under the Stored Communications Act, it should be dismissed as against AT&T.

---

itself a part of the plaintiff's claim."); *Dingxi Longhai Dairy, Ltd v. Becwood Tech. Grp. L.LC.*, 635 F.3d 1106, 1108 (8th Cir. 2011) ("The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held." (quoting 5 Wright & Miller, Federal Practice & Procedure: Civil 3d § 1255 at 508–09 (3d ed. 2004))).

For the foregoing reasons, the Court should either hold AT&T's deadline to respond to Plaintiffs' Complaint in abeyance or, in the alternative, dismiss AT&T as a party pursuant to Rule 12(b)(6).

Dated:  August 5, 2022            Respectfully submitted,

           /s/  *William R. Levi*
William R. Levi (D.C. Bar No. 1007057)
Daniel J. Hay (D.C. Bar No. 1047969)
Marcus S. Bauer (TN Bar No. 037499)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
T:  (202) 736-8000
F:  (202) 736-8711
william.levi@sidley.com
dhay@sidley.com
marcus.bauer@sidley.com
*Counsel for AT&T*